# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: RAHUL CHATURVEDI LITIGATION**                    MDL No. 3016

## ORDER DENYING TRANSFER

**Before the Panel:** Movant Rahul Chaturvedi, who is proceeding *pro se*, seeks centralization of this litigation in the District of Massachusetts. The litigation consists of two actions pending in two districts, as listed on Schedule A.[1]  Chaturvedi and his company, Moolex, LLC, are defendants in the pending actions on the motion.

Plaintiff in the District of Massachusetts action on the motion (*Ascend Capital*) opposes centralization.  Plaintiff and two additional defendants[2] in the District of Connecticut action (*Black Diamond Consulting Group*, or "*BDCG*") did not file a response.

On the basis of the papers filed,[3] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The two pending actions on the motion do not share common questions of fact.  In the *Ascend Capital* action, the plaintiff seeks a declaratory judgment against Chaturvedi and Moolex as to the rights to a trademark concerning the word "NuSpeech."  In the *Black Diamond Consulting Group* action, a different plaintiff alleges that Chaturvedi, Moolex, and others owe BDCG $350,000 pursuant to a written agreement concerning an unsuccessful capital funding arrangement. Although Chaturvedi and Moolex are defendants in both actions, the events and transactions at issue are plainly distinct.

Chaturvedi's representation that he will file twenty potential tag-along actions is not sufficient to warrant centralization.  The Panel generally does not take into account the mere possibility of future filings when considering centralization.  *See, e.g., In re California Wine*

---

[1]     Chaturvedi's motion lists three actions for centralization.  After the motion was filed, the third action – a bankruptcy appeal in the District of Massachusetts (*In re Chaturvedi*) – was resolved by the underlying court and terminated.  The motion for centralization is thus moot as to that action.  Additionally, one potential tag-along action in the District of Massachusetts (*Bridge Over Corporation*) recently was remanded to state court.

[2]     Rantally Trust Fund and Levy Abdurakhmanov.

[3]     The Panel previously determined that the facts and legal arguments were adequately presented in the briefing and dispensed with oral argument in this matter under Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument, MDL No. 3016, Doc. No. 14 (J.P.M.L. Sept. 2, 2021).

-2-

*Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362, 1363 & n.2 (J.P.M.L. 2015) ("[a]lthough plaintiffs assert that the number of actions is likely to expand, the mere possibility of additional actions does not convince us that centralization is warranted"; denying centralization of two actions and two potential tag-along actions).  To the extent the pending and anticipated future actions share any common background, informal coordination is a practicable alternative considering the minimal number of districts involved.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: RAHUL CHATURVEDI LITIGATION**                    MDL No. 3016

## SCHEDULE A

District of Connecticut

BLACK DIAMOND CONSULTING GROUP LLC v. MOOLEX LLC, ET AL.,
    C.A. No. 3:21−00722

District of Massachusetts

ASCEND CAPITAL LLC v. MOOLEX LLC, ET AL., C.A. No. 1:21−10972